# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY TRACY,

    Plaintiff(s),

v.

PROGRESSIVE INSURANCE CORPORATION,

    Defendant(s).

Case No.: 2:21-cv-00178-KJD-NJK

**Report and Recommendation**

Pending before the Court is an order for Plaintiff to show cause why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. Docket No. 3. Plaintiff filed a response, as well as an amended complaint. Docket Nos. 4-5.[1] For the reasons discussed below, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice to being refiled in state court.

Courts screen complaints filed in cases in which the plaintiff seeks to proceed *in forma pauperis*. 28 U.S.C. § 1915(e). Courts also have a duty to ensure subject matter jurisdiction over the dispute before them, an issue that may be raised at any time during the proceedings. Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

---

[1] As Plaintiff is proceeding *pro se*, the Court construes his filings liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

"Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).[2] The Court normally defers to a statement of damages in the complaint with respect to the amount in controversy, but it has an independent obligation to examine the basis for such a statement when doubt arises. *See, e.g.*, *Leal v. Ferrini*, 2014 WL 7409500, *2 (D. Nev. Dec. 31, 2014) (screening complaint under § 1915). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-91. Courts will not find a sufficient showing to establish subject matter jurisdiction that consists merely of "a bold and optimistic prediction." *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp.2d 1227, 1232 (N.D. Cal. 2000). Courts may draw upon "their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Muego v. Cassalata*, 2020 WL 806357, at *1 (D. Nev. Feb. 18, 2020); *see also Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) (concluding that claim resulting in anger and embarrassment did not meet jurisdictional threshold).

Plaintiff has not established that the amount in controversy in this case exceeds the jurisdictional minimum. Plaintiff's claims arise out of the process for receiving insurance coverage for car repairs of a few thousand dollars, *e.g.*, Docket No. 5 at ¶¶ 32-34, from which Plaintiff demands hundreds of thousands of dollars for emotional distress and punitive damages, *e.g.*, *id.* at ¶ 53-54. No specific showing has been made to support the amount of damages claimed.[3] Moreover, judicial experience and common sense make clear that this is not the type of claim for which federal subject matter jurisdiction exists. *Cf. Christensen*, 633 F.2d at 530-31.

---

[2] The amended complaint asserts state tort claims, so federal question jurisdiction does not appear to be implicated in this case. 28 U.S.C. § 1331.

[3] The amended complaint cites to other lawsuits involving the causes of action being brought here. Docket No. 5 at ¶¶ 64-66, 77-79, 91-92, 95-96. The mere existence of jury awards in other cases predicated on the specific facts of those cases does not create subject matter jurisdiction in this case. For example, Plaintiff relies on jury awards for negligence claims that appear to include damages arising out of physical injury. *See id.* at ¶¶ 64-66. Such jury awards are distinguishable from the dispute in this case regarding the handling of an insurance claim.

2

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice to being refiled in state court.[4]

Dated: February 18, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[4] As a result, the pending motion to proceed *in forma pauperis* is properly denied as moot.